UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES WILLIS,
                                        Plaintiff,

                                                          9:09-CV-679
    vs.                                                       (DNH/ATB)

JAMES CAMPBELL, *et al.*,
                                        Defendants.
_____

CHARLES WILLIS, Plaintiff *pro se*
ROBERT P. ROCHE, Esq., Attorney for Defendants

ANDREW T. BAXTER, Magistrate Judge

## REPORT-RECOMMENDATION

This case was referred to me pursuant to 28 U.S.C. § 636 (b) and Local Rules N.D.N.Y. 72.3(c).

**I.**    **Background**

On September 16, 2010, this court ordered that defense counsel schedule and initiate a telephone conference in this case on October 6, 2010 at 11:00 a.m. (Dkt. No. 20). This court's order also directed *pro se* plaintiff Willis to provide defense counsel and the court, in writing, by September 28, 2010, with a telephone number at which plaintiff could be reached for the conference call. *Id.* Plaintiff did not provide a phone number where he could be reached, and on October 1, 2010, this court rescheduled the telephone conference for October 14, 2010. (Dkt. No. 21). This court again directed plaintiff to provide a telephone number to the court and defense counsel, this time by October 8, 2010. *Id.*

When plaintiff filed his complaint, he indicated that his address was 840 Shaker Road, Albany, NY 12211.  (*See* Dkt. No. 1 at ¶ 2).  On May 17, 2010, plaintiff filed a Notice of Change of Address, indicating that his address was now P.O. Box 10122, Albany, NY 12202.  (Dkt. No. 19).  The court's September 16, 2010 and October 1, 2010 orders were served upon plaintiff at the P.O. Box that he provided to the court.  *See* Dkt. Nos. 19, 20, 21.  *Neither order was returned to the court as undeliverable*.  As of October 13, 2010, plaintiff had still failed to comply with the court's directions.  It was unclear whether plaintiff did not receive the court's order or whether he was deliberately disregarding the court's order.

This court, in an abundance of caution, again ordered plaintiff to provide a telephone number to the court and defense counsel by October 27, 2010, and served a copy of the order on both addresses that plaintiff had previously supplied to the court.  The copy of the order sent to plaintiff's first address was returned as undeliverable.  The copy sent to P.O. Box 10122, Albany, NY 12202 was not returned as undeliverable.

The court specifically warned plaintiff that the failure to comply with the court's order could result in a recommendation of dismissal.  (Dkt. No. 22 at 3).  Plaintiff failed to comply with the court's order by October 27, 2010, and to this date, has not contacted either the court or defense counsel with any updated information so that the case can proceed.

## II.  Failure to Prosecute[1]

### A.  Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or to comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information *is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit*." *Dumpson v. Goord*, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure

---

[1] The court included this statement of the legal standards for failure to prosecute in its previous order so that plaintiff would understand the gravity of his failure to comply with court orders. (Dkt. No. 22 at 2–3).

3

caused a delay of considerable duration, whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

    **B.**     **Application**

Plaintiff has been given three opportunities by this court to update his information in order that he might participate in the case that he brought. The court does recognize that, if plaintiff did not update his address, he may never have received the warnings. Plaintiff understands how to update his address, as he has already done so once, when he changed his address from 840 Shaker Road, Albany, NY 12211, to P.O. Box 10122, Albany, NY 12202. However, neither order sent to his P.O. Box has been returned to the court as undeliverable, and this court issued its October 13, 2010 order in a last attempt to contact plaintiff before recommending dismissal. The case cannot proceed if plaintiff refuses to participate or cannot be found because he has failed to provide the court with a current address.

Balancing the relevant factors, this court finds that the delay has been considerable and will be indefinite because plaintiff has failed to update his address and telephone number. The court has attempted to give plaintiff clear notice that the actions may be dismissed, and the defendants will be prejudiced by any further delay.

This court has no alternative but to recommend dismissal of both cases for failure to prosecute.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED,** that this case be **DISMISSED WITH PREJUDICE IN ITS ENTIRETY** pursuant to FED. R. CIV. P. 41(b) for **FAILURE TO PROSECUTE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: November 1, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge